Nicholson, C. J.,
delivered the -opinion of the court:
This record presents the following facts: P. H. M. Cockrill, J. Cockrill, T. S. Cockrill, and S. P. "Walker, trustee, sued out a writ of replevin for various'articles of furniture against A. P. Curry, sheriff of Shelby county, which he is charged with having illegally detained from plaintiff.
Pond was executed by P. H. M. Cockrill et ah, as prin *690 cipal, and R. C. Brinkley, D. 0. Cross, and Males Owen, as securities to A. P. Curry, sheriff of Shelby county, conditioned that said R. H. JVB. Cockrill and others should well and truly prosecute said replevin suit -with effect, or abide by and perforin any judgment, etc.
In the progress of the cause the name of D. Weaver, trustee, seems to have been substituted for that of A. P. Curry, sheriff, as defendant, but what relations existed between them does not appear, nor does it appear why or when the substitution was made, no order for the substitution appearing.
The declaration was against A. P. Curry, sheriff, but the plea of not guilty was filed by D. Weaver.
At the January term, 1811, the death of two> of the plaintiffs, E. II. PI. Cockrill and S. P. Walker, were suggested and proved, but no step was tallen for a revivor against their, representatives.
At the. May tejrm, 1812, defendant moved that the cause abate as to E. II. M. Cockrill and S. P. Walker, because more than two terms had elapsed since the suggestion and proof of their death. This motion was sustained ovc-r the objection of plaintiffs’ counsel.
But at a subsequent day of the term the order of abatement was vacated, and leave given plaintiff [defendant] to revive the suit against the personal representative of the two deceased plaintiffs.
No rejvivor however took place, and at the January term, 1814, the suit was abated on motion of defendant as to the two deceased plaintiffs, but no' judgment by default was taken against the surviving plaintiff for failure to prosecute the suit. A writ of inquiry, however, was awarded the defendant to ascertain his damages.
At the next term, Play, 1SI4, the writ of inquiry was executed by impaneling a jury, who found the value of the property replevied and the damages. This inquiry was executed in a case of which the caption was R. H. M. Cockrill *691 v. D. Weaver, trustee, and tlie judgment rendered on the finding of the jury was that “the plaintiff return the property,” etc., and “on failure the defendant will recover of him and R. C. Brinkley, P. C. Cross, and Miles Owen, the securities on replevin bond, the value thereof,” etc., and execution ordered to issue.
It appiears that execution did issue, in favor of P. Weaver against R. H. M. Cockrill and R. C. Brinkley, P. C. Cross, and Miles Owen, his securities on replevin bond, $4,611.84.
The cause is here by writ of qrror and supersedeas granted by one of the members of the court in'vacation.
The judgment in this case is erroneous and void on several grounds.
When the death of R. IT. M. Cockrill and S. P. Walker were suggested and proven, it was the right of defendant to have the cause abated, after two terms, upon the failure of tire surviving plaintiffs to revive, in the names of the representatives of their deceased co-plaintiffs, or the defendant had the right by scire facias to^ have the canse revived against them. But defendant had no right, after plaintiffs declined to revive, to have the suit abated as to the two deceased plaintiffs, and then abandon the suit as to the living plaintiffs and one of the deceased plaintiffs, and proceed to have a writ of inquiry to ascertain his damages against tire other deceased plaintiff. If defendant elected not to revive by scire facias against the- representatives of the two deceased plaintiffs, he had a right to have the suit abated as to them, leaving the action to he prosecuted by the two surviving plaintiffs. If they fail to prosecute the suit after the death of their co-plaintiffs, it was the right of defendant to take judgment by default against them, and to have his writ of inquiry to 'ascertain his damages. Instead of taking either of the comses indicated, it appears from the record that he took mo judgment by default against the surviving plaintiffs, but abandoned them altogether as well as one of the deceased plaintiffs, *692 S. P. Walker, and proceeded simply upon Ms order of abatement to Rave Ms damages inquired of, as against tbe other plaintiff, E. II. M. Cockrill, whose death had been suggested and proven.
It is manifest that the judgment rendered against the deceased plaintiff in favor of defendant, upon the proceedings to inqMre of and ascertain Ms damages, was null and void. It is equally manifest that a judgment thus rendered against a dead plaintiff, after abandoning .any remedy against the other dead plaintiff and the two living plaintiffs, was not such a failure by the plaintiff to prosecute their suit with effect, as entitled defendant to a judgment against the sureties on the replevin bond. But the undertaking of the sureties on the replevin bond was that the plaintiffs should prosecute with effect their suit against A. P. Curry, sheriff. It appears that D. Weaver, trustee, was substituted as defendant instead of A. P. Curry. It does not appear that A. P. Curry was in possession of the property by virtue of the levy thereon in favor of D. Weaver, trustee. Eo reason is given for the substitution of Weaver’s name for that of Curry, nor does it appear that there was any privity between Weaver and Curry. In fact, we find no order of court directing the substitution, but it appears by way of recital in Weaver’s plea. In this attitude of the case the substitution of Weaver instead of Curry, as defendant, would be a release of the sureties, if such substitution had been regularly made, as held in the case of Smith v. Roby, 6 Heis., 546. Whether the substitution would have operated as a release of the sureties, if it had appeared that Curry had possession of the property by virtue of the levy of an execution in favor of Weaver, we do not decide.
Upon the several grounds stated we are of opinion that the judgment against the sureties is erroneous and void, and the same is reversed.